*Bryan, Middlebroooks & Carter, John A. Dunaway, Y. C. Mitchell*, for defendant.

23529. WILKERSON *v.* EDMONDSON *et al.*

STEPHENS, J. 1. This being a suit in trover to recover personal property consisting of barber-shop equipment, barber supplies, etc., which it is alleged had been stored with the defendant, and it appearing from the evidence that some of the property which had been stored with the defendant had been delivered to the plaintiff, and that the defendant had tendered to the plaintiff all the property in his possession that belonged to the plaintiff and had not refused to deliver any of the property to the plaintiff, and there being a conflict between the testimony of the plaintiff and the defendant, and it not appearing conclusively and as a matter of law that the plaintiff had made a demand for the property sued for and the defendant had refused to deliver it, the verdict found for the defendant was authorized.

2. Since the plaintiff stated in his testimony that he was not suing to recover the property, which had been transferred from the defendant's storehouse to another place, the charge of the court that the plaintiff contends that he demanded the property from the defendant and the defendant refused to give it up, and contends that the defendant has converted the property, and that the plaintiff brings suit to recover the value of the property which he claims was converted, is not subject to the objection that the jury was thereby led into the belief that the plaintiff was suing for a conversion of the property which the defendant had delivered to the plaintiff and which had been stored elsewhere.

3. Since a verdict was found for the defendant, any error in the charge of the court as to the rule for the estimation of the value of the property in the event of a recovery was harmless to the plaintiff.

4. The verdict for the defendant was authorized, and no error appears. The superior court did not err in overruling the certiorari.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

Decided September 29, 1934.

*C. G. Battle,* for plaintiff.

*W. C. Henson, Craighead & Craighead,* for defendant.